QUESTION: Does the dual officeholding prohibition of Art. II, s. 5(a), State Const., prevent a member of the Florida Legislature from serving simultaneously as a member of the board of trustees of a community college district?
SUMMARY: There is no violation of the dual officeholding prohibition of Art. II, s. 5(a), State Const., if a member of the Florida Legislature serves simultaneously as a member of the board of trustees of a community college district. Article II, s. 5(a), State Const., provides in pertinent part that "[n]o person shall hold at the same time more than one office under the government of the state and the counties and municipalities therein . . . ." In this regard, it seems clear that a member of the Florida Legislature is a state officer within the purview of this constitutional provision. See In re Advisory Opinion to Governor, 418, 79 So. 874 (Fla. 1918). Thus, the important consideration here is whether a member of the board of trustees of a community college district is also a state, county, or municipal officer within the provision's purview. In AGO 073-47 it was ruled that a junior college trustee is not a state, municipal, or county officer within the purview of Art. II, s. 5(a), State Const. It was stated therein that . . . it has long been settled that officers of a special district or authority which has been created by statute to perform a special state or county function are not state, municipal, or county officers within the meaning of the Constitution. Consequently, the constitutional dual officeholding prohibition was held not to apply. Accord: Attorney General Opinions 069-49, 071- 324, and 075-60. In the instant situation, a community college district is essentially similar to the junior college district discussed in AGO 073-47, each community college district being an independent, separate legal entity created for the operation of a community college. See s. 230.741, F.S., providing that the term "community college" is used interchangeably with the term "junior college" in the Florida Statutes; and s. 230.753(1), id. Accordingly, I am of the opinion that a member of a board of trustees of a community college district is an officer of a special district which has been created pursuant to law to perform a special governmental function and is not a state, municipal or county officer within the meaning of Art. II, s. 5(a), State Const. Thus, the simultaneous service of an individual as a member of the board of trustees of a community college district and a member of the Florida Legislature does not violate the dual officeholding prohibition contained therein. Your question is answered in the negative.